# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAWANDA BLACKMON,** *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:20-cv-556-TFM-N |
| ) | |
| **ETHICON, INC.,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Now pending before the Court is the *Defendants' Motion for Summary Judgment and Brief in Support* (Docs. 54, 55, filed March 11, 2021) and *Defendants' Renewed Motion for Summary Judgment on the Statute of Limitations* (Docs. 57, filed April 9, 2021). Having considered the motions, the evidentiary submissions in support of the motions, and the relevant law, the Court finds Defendants' motions for summary judgment (Docs. 54, 57) are due to be **GRANTED** for the reasons articulated below.

### I.   PARTIES AND JURISDICTION

Plaintiffs LaWanda Blackmon ("Ms. Blackmon") and Thomas O. Blackmon ("Mr. Blackmon") (collectively, "Plaintiffs"), asserts claims of negligence (Count I), strict liability manufacturing defect (Count II), strict liability failure to warn (Count III), strict liability defective product (Count IV), strict liability design defect (Count V), common law fraud (Count VI), fraudulent concealment (Count VII), constructive fraud (Count VIII), negligent misrepresentation (Count IX), negligent infliction of emotional distress (Count X), breach of express warranty (Count XI), breach of express implied warranty (Count XII), violation of consumer protection laws (Count XIII), gross negligence (Count XIV), unjust enrichment (Count XV), loss of consortium (Count

XVI), claims for punitive damages (Count XVII) and discovery rule and tolling (Count XVIII) against Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Defendants" or "Ethicon"). *See* Docs. 1, 10 at ¶ 13. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest jurisdiction or venue, and the Court finds that sufficient support exists for both.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 12, 2006, Ms. Blackmon was implanted with a TVT-Obturator ("TVT-O") device to treat her stress urinary incontinence. Doc. 55 at ¶ 1. In 2007, within six to twelve months of her implant surgery, Ms. Blackmon began experiencing urinary retention that led to her leaking urine. *Id*. at ¶ 3. Following her implant surgery Ms. Blackmon reported these symptoms to her doctor at her annual OB-GYN examination in September or October 2007. Her doctor informed her that the mesh may need to be adjusted. *Id*. at ¶ 4. Plaintiff began having severe uterine bleeding in 2007 that lead to her needing blood transfusions in 2008. She received a massive dose of estrogen to stop the bleeding and save her childbearing potential. *Id*. at ¶ 5. On December 12, 2009, Ms. Blackmon married Mr. Blackmon. Ms. Blackmon was not sexually active during the years between her TVT-O implant surgery on December 12, 2006, and her marriage on December 12, 2009. *Id*. at ¶ 7. When Ms. Blackmon became sexually active after her marriage, she experienced dyspareunia, bleeding, and large amounts of leakage with intercourse. *Id*. at 8. In June 2010, Ms. Blackmon visited her OB-GYN concerning the symptoms she attributed to the mesh. *Id*. at ¶ 11. In June 2013, Ms. Blackmon consulted Dr. Robert Varner regarding her symptoms. On January 22, 2013, Plaintiffs filed a Short Form Complaint in the United States District Court for the Southern District of West Virginia. Doc. 1. On November 17, 2014, Plaintiffs filed an Amended Short Form Complaint. Doc. 10. On November 5, 2020, the case was

transferred to this Court. Doc. 44. On March 11, 2021, Defendants filed a motion for summary judgment and brief in support. Doc. 54,55. On that same date, the Court entered a briefing schedule ordering any party opposing the motion to file a response no later than April 2, 2021, and the Defendants to reply no later than April 9, 2021. Doc. 56. No response was filed. On April 9, 2021, Defendants filed a renewed motion for summary judgment, which the Court construes as a reply, noting Plaintiffs' lack of response. The motions are ripe for adjudication.

### III.   STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a), (b). Summary judgment is appropriate when the moving party establishes there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id.* at 249. Only disputes about the material facts will preclude the granting of summary judgment. *Id*. To defeat summary judgment, the nonmoving party must come forward with more than a mere "scintilla of evidence…there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id*. at 252. "[T]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *Gailes v. Marengo Cty. Sheriff's Dept.*, 916 F. Supp.2d 1238, 1241 (S.D. Ala. Jan. 4, 2013 (citing *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004)).

### IV.  DISCUSSION AND ANALYSIS

The issue before the Court is whether Plaintiffs' claims are time barred due to the statute of limitations. Defendants contend that Plaintiffs' claims are barred by the statute of limitations. Defendants argue that Plaintiffs' product liability claims, and derivative loss of consortium claim are barred by Alabama's two-year statute of limitations and Plaintiffs' warranty claims are barred by Alabama's four-year statute of limitations. The Court agrees.

This Court must follow the *lex loci delicti* doctrine since Plaintiffs' cause of action involves torts. *Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 819, 823 (Ala. 1991). "Under this principle, an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." *Id.* at 820. Accordingly, Alabama law applies to Plaintiffs' substantive claims because Ms. Blackmon's implantation surgery and alleged injuries occurred in Alabama.

In Alabama, personal injury claims are subject to a two-year statute of limitations. *See* ALA. CODE § 6-2-38(*l*) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). Pursuant to Alabama law, a cause of action accrues when there has been a manifest, present injury with observable signs or symptoms that are medically identifiable. *See Griffin v. Unocal Corp.*, 990 So. 2d 291, 310 (Ala. 2008). "A cause of action accrues when a plaintiff's injury is manifest, meaning it has become evidenced in some significant fashion." *See, e.g., Turner v. Ethicon,* Civ. Act. No. 1:20-cv-876-ACA, 2020 WL 4346784, at * 3, 2020 U.S. Dist. LEXIS 133915, * 6 (N.D. Ala. July 29, 2020). Plaintiffs' claims for negligence, AEMLD, fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, unjust enrichment, and loss of consortium are all subject to Alabama's two-year statute of limitations period.

The Court finds that Plaintiffs' claims are barred because the statute of limitations has run. This suit was filed on January 22, 2013. Doc. 1. Pursuant to Alabama's two-year statute of limitations, if Plaintiffs' claims accrued at any point before January 22, 2011 (*i.e.*, two years before they filed suit), those claims are time-barred. *See Turner,* 2020 WL 4346784, at *4, 2020 U.S. Dist. LEXIS 133915, *8 (N.D. Ala. July 29, 2020) (holding that Plaintiff's claims were time barred by the statute of limitations because Plaintiff did not file her lawsuit until eleven or twelve years after first experiencing pain); *Newton v. Ethicon, Inc.*, Civ. Act. No. 3:20-cv-00021-ALB-JTA, 2020 WL 1802927, at *2, 2020 U.S. Dist. LEXIS 61735, at *5 (M.D. Ala. Apr. 8, 2020) (holding that Plaintiff's case was "well outside of Alabama's two-year statute of limitations."). Construing the facts in the light most favorable to Ms. Blackmon, the undisputed facts before the Court establish that her claims accrued well before January 22, 2011, because her injuries "manifest" with "observable signs or symptoms" for which she sought and received medical treatment as early as 2007. As stated above, Ms. Blackmon began experiencing urinary retention problems about six to twelve months after her TVT-O implant surgery on December 12, 2006. During her 2007 annual OB/GYN examination her physician instructed her to consult the implanting physician. In 2008, Ms. Blackmon sustained vaginal bleeding that required her to obtain a blood transfusion. Since she attributes this experience to her TVT-O implant, this serves as an injury that is an "observable sign or symptom." Accordingly, the two-year statute of limitations on Plaintiffs' claims expired in 2010. On December 12, 2009, Ms. Blackmon began experiencing dyspareunia, pain during sexual intercourse. She also attributes this claim to her TVT-O implant. The statute of limitations for these claims expired on December 12, 2011. Plaintiffs did not file suit on these claims until January 22, 2013, more than six years after complaining of urinary retention and being advised that her mesh might need adjusting and more than three years after the onset of her dyspareunia.

Thus, the Court finds that Plaintiffs' claims are time-barred by Alabama's two-year statute of limitations and are therefore due to be dismissed as a matter of law. The Court notes that Mr. Blackmon's claim for loss of consortium need not be discussed separately and is due to be dismissed as a matter of law because it is a derivative claim from Ms. Blackmon's claims. *See Dale v. Kelly,* 620 So. 2d 632, 632 n.1 (Ala. 1993); *Reed v. Stempien,* 475 So. 2d 841, 842 (Ala. 1985); *Campbell v. Brown & Williamson Tobacco Corp.*, Civ. Act. No. 02-0184-KD-C, 2006 WL 8437669, at *2 (S.D. Ala. May 17, 2006) ("[W]hen an injured spouse's claim is barred by the applicable statute of limitations for the underlying injury, the spouse is prevented from recovering for a loss of consortium claim….").

Plaintiffs' breach of express warranty (Count XI) and breach of express implied warranty (Count XII) are subject to Alabama's four-year statute of limitations period. ALA. CODE § 7-2-725(1). A breach of warranty occurs when tender of delivery is made. ALA. CODE § 7-2-725(2). Here, tender of deliver was made on December 12, 2006, the date of Ms. Blackmon's TVT-O implantation surgery. Pursuant to the four-year statute of limitations, Ms. Blackmon's breach of warranty claims expired on December 12, 2010. Since Ms. Blackmon did not file suit until January 22, 2013, her breach of express and breach of implied warranty claims are time-barred and therefore due to be dismissed as a matter of law.

### V. CONCLUSION

Based on the foregoing discussion and analysis, Defendants' motions for summary judgment (Docs. 54, 57) are due to be **GRANTED.** The Court enters a judgment as a matter of law in favor of Defendants and against Plaintiffs on all the claims. Accordingly, Plaintiffs' claims are **DISMISSED with prejudice**. The Court will issue a separate final judgment.

**DONE** and **ORDERED** this the 18th day of January 2022.

        s/Terry F. Moorer
        TERRY F. MOORER
        UNITED STATES DISTRICT JUDGE